NEW ORLEANS & NORTHEASTERN RAILROAD COMPANY ET AL.
*v.* HENRY T. LAMKIN ET AL.

1. RAILROADS. *Contracts between two or more. Joint liability.*

   If several railroad companies are under one management, so as to constitute a system, or have contracts by which their roads are held out to the public as a line for through transportation, they are jointly liable for damage to goods, sustained while being carried over their line on a through shipment.

2. SAME. *Partnerships.*

   Whenever there is an identity of interest between two or more railroad companies, or they have placed certain functions of their business under one general control, although the general management of each road is retained by its owners, they are, as to such features of this business, partners.

3. SAME. *Case.*

   Facts examined and the New Orleans & Northeastern Railroad Company and the Alabama & Vicksburg Railway Company held to have been partners in the shipment involved in this suit.

FROM the circuit court of Warren county.

HON. PATRICK HENRY, Judge.

Lamkin and another, the appellees, were the plaintiffs in the court below; the New Orleans & Northeastern Railroad Co. and the Alabama & Vicksburg Railway Co., the appellants, were defendants there. The appellees placed eleven hundred and six bales of cotton in the hands of the Alabama & Vicksburg Railway Co., at Vicksburg, for shipment to Havre, France. The railway company issued to appellees a through bill of lading from Vicksburg to New Orleans, where the cotton was to be delivered to a steamship company for further

transportation to Havre. The bill of lading routed the shipment from Vicksburg to Meridian, over the Alabama & Vicksburg Railway's line, thence to New Orleans, over the line of the New Orleans & Northeastern Railroad Co. The cotton was carried safely from Vicksburg to Meridian, and turned over to the New Orleans & Northeastern Railroad Co. in good condition, which last named company carried it safely to New Orleans and deposited it on said company's wharf, where it remained for some time awaiting its reception by the steamship company. There was evidence showing that the cotton was damaged while so deposited in New Orleans. It reached Havre badly damaged. The plaintiffs, appellees, sued both railroad companies as partners. The Alabama & Vicksburg Railway Company denied the partnership, and claimed that it was not liable because it had safely transported the cotton over its line, and delivered the same in good condition to the connecting carrier. The New Orleans & Northeastern Railroad Co. also denied the partnership, and contended that, even if the damage to the cotton occurred while the same was in its possession, it was not liable in this suit, there being no partnership or joint liability shown, since it could not be sued on a separate liability in Warren county, no part of its line being therein and it having no agent or office in said county.

The evidence on the question of the relationship of the two companies tended to show (*a*) that the general officers of the two companies were the same persons; (*b*) that they had joint offices in New Orleans; (*c*) that they were both controlled by one corporation, an English one, which owned a majority of the stock of both; (*d*) that they advertised and operated under a trade name, "Queen & Crescent Route;" (*e*) that they advertised as a "through route;" (*f*) that they charged and collected in one sum a through rate from Vicksburg to New Orleans; (*g*) that such through rate was fixed either by the station agent at Vicksburg or the general freight agent in New Orleans; (*h*) that the entire freight went into the hands of a

common treasurer and was distributed by a common auditor; (*i*) that a single waybill carried the freight over both roads; (*j*) no receipt was taken on delivery of freight by one from the other.

The plaintiff recovered judgment in the court below for $8,-601.09, and defendants appealed to the supreme court.

*Mc Willie & Thompson*, for appellants.

Elliott, in his work on railroads, while pointing out that a different rule prevails where associated carriers have a contract for a division of the profits of transportation in certain proportions after paying the joint expenses, says that where the agreement is that each shall bear the expenses of his own route and of the transportation upon it, and that the gross receipts shall be divided in proportion to distance or otherwise, they are partners neither *inter se* nor as to third persons, and incur no joint liability. "Nor," says he, "does the establishment by two or more carriers of joint or through rates make them joint carriers, or one of them liable for the default of another." 4 Elliott on Railroads, sec. 1445. This language is taken verbatim from Hutchinson on Carriers, where is pointed out the distinction precluding liability as partners where each line bears its own expenses and the division of the freight charge is on the basis of mileage. Hutchinson on Carriers, secs. 169, 170. The following cases maintain our position: *Ervin* v. *Railroad Co.*, 92 Ill., 103; *Champion* v. *Bostwick*, 18 Wend., 175, s. c. 11 Wend., 571; *Hart* v. *Railroad Co.*, 8 N. Y., 37, s. c. 59 Am. Dec., 447; *Peterson* v. *Railroad Co.*, 80 Iowa, 92, s. c. 45 N. W., 573; *Barter* v. *Wheeler*, 49 N. H., 9, s. c. 6 Am. Rep., 434; *Nashua, etc., Co.* v. *Worcester, etc., Co.*, 48 N. H., 339, s. c. 2 Am. Rep., 242; *Railroad Co.* v. *Spatt*, 2 Dav., 4; *Swift* v. *Pacific, etc., Co.*, 106 N. H., 206; *Bradford* v. *Railroad Co.*, 7 Rich. L., 201, s. c. 62 Am. Dec., 411; *Coates* v. *U. S. Ex. Co.*, 45 Mo., 238; *Pearce* v. *Madison, etc., Ry. Co.*, 21 Hun (U. S.), 441; *Pattison* v. *Blanchard*, 5 N. Y., 186;

*Converse* v. *Norwich, etc., Co.*, 33 Conn., 166; *Railroad Co.* v. *Trippe*, 42 Ark., 465, s. c. 58 Am. Rep., 65; *Gass* v. *Railroad Co.*, 99 Mass., 220; *Irvin* v. *Railroad Co.*, 92 Ill., 103; *Briggs* v. *Vanderbilt*, 19 Barb., 222; *Ins. Co.* v. *Railroad Co.*, 104 U. S., 146; *Ins. Co.* v. *Kountz Line*, 4 Woods, 268; *Milner* v. *Douglass*, 4 McCrary, 368; *Deming* v. *Railroad Co.*, 21 Fed. Rep., 25; *Ellsworth* v. *Tartt*, 26 Ala., 733; *Railroad Co.* v. *Moore*, 51 Ala., 394.

The court will observe from the testimony that this shipment was routed from Vicksburg to New Orleans just exactly as one would have been from the same starting point to New York over the number of independent roads which might participate in the carriage, and upon a contract for a division of the whole freight charge on the basis of mileage, the Alabama & Vicksburg and New Orleans & Northeastern companies, as in the case of the roads transporting to New York, each bearing its own expenses. Surely it cannot affect the case that the two companies have the same general officers. The same man may be the president of several railroad companies or other corporations without giving rise to any partnership relation between them. Indeed, it is well known that men of unusual business ability are frequently connected officially with corporations, sometimes of similar and sometimes of wholly different natures, but in neither case having any kind of relation with each other, much less a partnership relation.

The record presents an effort to place Mr. Middleton, the freight agent of the Alabama & Vicksburg Railway Company at Vicksburg, in the attitude of agent of both the defendant companies, but there is no proof of the fact. Indeed, the proof is directly to the contrary, and even had such been the case, his relation to the two companies as agent would in nowise render either of them liable as a partner for any act done as agent of the other, any more than would acts done in the name and on behalf of one company by a person who was a general

officer of both. On this head see *Railroad Co.* v. *Cochran,* 41 Am. & Eng. R. R. Cas., 48, s.c. 43 Kan., 225.

Some advertisements from newspapers were read in evidence by the plaintiffs. They relate to passenger traffic, and are designed to attract the traveling public, whether going to points on any one of the roads having the same general officers or to Washington, Philadelphia, New York, St. Louis, Baltimore, etc., and where the charge for carriage would be divided among a number of roads according to mileage, and each of which paid its own operating expenses without reference to the initial carrier. The introduction of these advertisements, like some of the unproductive questions propounded to the witnesses, is to be attributed to the evident consciousness of the plaintiffs that they had failed to prove the alleged partnership, and their desire to strengthen their case by showing that the defendants held themselves out as partners in such manner as to induce belief on the part of a misled public, and particularly these misled plaintiffs, that such a relation existed between the companies.

We have discussed the case with reference to the claim of partnership arrangement, for it is out of the question that the Alabama & Vicksburg Railway Company can be jointly liable for damages occurring beyond its own line on a mere through bill of lading to a point of destination on some other line, in the absence of a special contract making it liable in such case. Many courts, including the United States supreme court, have, in the clearest terms, announced the doctrine that the mere giving of a through bill imposes no such liability. *Myrick* v. *Railroad Co.,* 107 U. S., 107; *Railroad Co.* v. *Pratt,* 22 Wall. (U. S.), 123, s.c. (reviewed) 95 U. S., 43; *Sumner* v. *Walker,* 30 Fed. Rep., 261; *Railroad Co.* v. *Harris,* 42 Am. & Eng. Railroad Cases, 457, s.c. 26 Fla., 148; 7 So. Rep., 544; *Railroad Co.* v. *Mineral Springs Co.,* 16 Wall., 318; *Harding* v. *Int. Nav. Co.,* 12 Fed. Rep., 168; *Railroad Co.* v. *Moore,* 51 Ala., 394.

*Lewis & Laws* and *Harris Dickson*, for appellees.

But two material points are raised by the record in this case, namely: First, was the learned court below correct in submitting to the jury the question (*a*), "Did the defendants herein form some sort of a compact, understanding or agreement by which they formed, or (*b*) held themselves out to the public and the plaintiffs as a through line from Vicksburg to New Orleans, or (*c*) did they receive the plaintiffs' cotton for de-delivery at New Orleans on a through contract of transportation?" and second, "Did the court have jurisdiction of the defendant, the New Orleans & Northeastern Company, in the case as brought before it?"

It is contended by the appellees that the court below was bound to submit the case to the jury, because there was ample evidence from which they were warranted in finding the existence of either one or all of the following facts: (1) The existence of a partnership between the appellants as to through business; (2) a partnership as to the appellees by reason of their holding out; (3) that they were controlled by one management and operated as one road; (4) that they were joint contractors in the carriage of freight and passengers between Vicksburg and New Orleans; (5) that they made a specific joint contract in the present instance for through carriage.

If any one or more of these conditions existed, the appellees were entitled to hold either one or both of the defendants responsible for the loss.

A succinct statement as to what constitutes a partnership or joint contractorship between railroad companies is found in 6 Am. & Eng. Enc. L., p. 665, as follows:

"If the several lines are under one management or control so as to constitute a 'system' or have contracts by which their continuous roads are held out to the public as a 'line' for through transportation, the roads constituting the line or system are jointly liable for injuries occurring to goods while being carried over their through line.

" Whenever there is identity of interest, or the companies have placed certain features of their business under one general control, although the general management of each road is retained by its owner, the companies are, as to such features of their business, partners, and liable as such."

The quantum of evidence sufficient, under this statement of the law, to carry the case to the jury need be no more than a scintilla.    Thus, in the case of *Young* v. *The Railroad Company*, 115 Pa. St., 112, the only evidence of operation and control was that the conductor wore the defendant company's uniform and the correspondence was with the general passenger agent of the defendant road.    The court said:

" The evidence in support of the second proposition (operation and control) is more than a scintilla.    In the absence of rebutting testimony, the jury might well have found that the alleged trespass was committed by an employe of the defendant's company, as conductor of one of its trains."

In the case of the *Railroad Company* v. *Spicer*, 105 Pa. St., 142, the only evidence of control by the defendant road was that the conductor and brakeman wore the uniform of the company.    This was opposed by the testimony that the railroad was embraced in an entirely different road, under whose instructions the conductor was acting.

In the case of *Sellers* v. *The Railroad Company*, 127 Pa. St., 406, testimony was even less strong than in these two cases, but the court held the question must be submitted to the jury.

If, therefore, the appellees produced more than a scintilla of evidence to establish any of the elements which would constitute a partnership, joint management or joint contract between the defendants, or identity of interest, the court was bound to submit the case to the jury.

Argued orally by *T. A. McWillie*, for appellants, and by *Harris Dickson* and *A. H. Laws*, for appellees.

WHITFIELD, C. J., delivered the opinion of the court.

We think the true rule is stated in 6 Am. & Eng. Enc. L., 655 (2d ed.), as follows: "If the several lines are under one management and control, so as to constitute a system, or have contracts by which their continuous roads are held out to the public as a line for through transportation, the roads constituting the line, or system, are jointly liable for injuries occurring to goods while being carried over their through line. Wherever there is an identity of interest, or the companies have placed certain features of their business under one general control (although the general management of each road is retained by its owners), the companies are, as to such features of their business, partners, and liable as such." This is the doctrine held in many well considered cases, and supported by the weight of authority. *Wyman* v. *Chicago, etc.*, 4 Mo. App., 37; *Swift* v. *Pacific Mail Steamship Co.*, 106 N. Y., 206; *Burtin* v. *Wheeler*, 49 N. H., 9; *Rocky Mount Mills* v. *R. R. Co.*, 119 N. C., 693.

The facts of this case bring it clearly within this rule. The appellants were liable as partners. There is no merit in any of the other assignments of error. Wherefore the judgment is

*Affirmed.*