YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY *v.* HELEN H. HUBBARD.

DAMAGES.  *Growing crop.  Destruction.*

    If a growing crop be destroyed, a jury may estimate, with the aid of testimony, its value at the time of its destruction, in view of all the circumstances, existing at any time before the trial, favoring or rendering doubtful the conclusion that it would have matured, and of all the hazards and expenses incident to the process of growth, although it cannot be shown with absolute certainty that, but for its destruction, it would have matured.

FROM the circuit court of, second district, Coahoma county.

HON. SAMUEL C. COOK, Judge.

Mrs. Hubbard, the appellee, was plaintiff, and the railroad company, appellant, defendant in the court below. From a judgment for $650 and costs in plaintiff's favor the defendant appealed to the supreme court. The verdict was for $750, but the court below required a remittitur of $100. The suit was for the statutory penalty (Code 1892, § 3561) for not maintaining a sufficient cattle guard, and also for damages to crops resulting from the depredations of cattle which entered plaintiff's inclosed fields over a defective cattle guard. The state of the evidence was adjudged such as to justify a peremptory instruction for plaintiff so far as concerns the statutory penalty, and this branch of the case presented only a question of fact. The opinion states the evidence touching the actual damages demanded.

*Mayes & Longstreet,* and *C. N. Burch,* for appellant.

There was no sufficient, competent, and legal proof offered by plaintiff, or supplied in any wise by defendant, from which the jury were warranted in estimating actual damages.

When a plaintiff seeks to make out his case he must offer to the jury some satisfactory, competent, and legal data and evidence on which they may base a verdict. A verdict which is forced or strained by the jury out of evidence wholly insufficient will not be sustained by the court.

There are two methods of computation approved by the courts. One is to make proof of the value of the ungathered crop as it stood ungathered in its existing condition, if such proof can be made, and the other is to make proof of the value of the matured crop and to follow this up with proof of all expenses incidental to the gathering, hauling, preparation, and sale of the crop in open market.

Neither of these methods of computation was hinted at in the case at bar. Not only was the testimony of the witnesses so confused and vague that it would have been difficult for the mind to reach a certain conclusion as to the actual damage, if any, done by the cattle, but it did not afford any means by which the jury could legally have made the proper estimate.

"In an action of trespass against the owner of hogs for injuries done by them to plaintiff's crops, he cannot be allowed to prove what amount of crop he would have made without the injury; but the damages would be, perhaps, the value of the crops at the time of their destruction, so far as they were destroyed." *Gresham* v. *Taylor,* 51 Ala., 505.

"The measure of damages against a railroad company for injuries to growing crops caused by defendant's failure to construct cattle guards is the market value of the crops when matured, less the expense of fitting them for market, from the time of the injury, and diminished by the value of the portion of the crops saved." *Smith* v. *Chicago, etc., R. Co.,* 38 Iowa, 518.

"In an action for damages for the destruction of growing and immatured cotton, the measure of damages is the value of the cotton at the time it was destroyed, with interest." *Mo. Pac. Ry. Co.* v. *Wise*, 3 Wilson Civ. Cas. Ct. App., sec. 389.

"The measure of damages in an action for the destruction of standing crops is their value at the time of destruction." *Colo. L. & W. Co.* v. *Hartman*, 5 Colo. App., 150 (38 Pac., 62); *Wamble* v. *Graves*, 1 White & W. Civ. Cas. Ct. App., 481; *Railroad Co.* v. *Bayliss*, 62 Tex., 570.

"In an action for injury to growing crops the measure of the damages is the value of the crop in its condition at the time of the injury." *Lommeland* v. *Railway Co.*, 35 Minn., 412 (29 N. W., 119).

"Where growing corn was destroyed by cattle, after the owner had expended on the crop all the labor it was necessary to expend before harvesting, held, that although the destruction of the corn at that stage of its growth was the loss of all the corn that would have matured had it not been destroyed, the owner could recover only the value of the corn at the time of the injury." *Richardson* v. *Northup*, 66 Barb., 85.

"Evidence as to what would have been the value of the crops if they had matured is too speculative to be admissible in an action against a railroad company for destroying and injuring growing crops by constructing its railway through a field containing them." *Railway Co.* v. *Benitos*, 59 Tex., 326; *Railway Co.* v. *Carter*, 25 S. W., 1023; *Railway Co.* v. *Lyman*, 57 Ark., 512 (22 S. W., 170); *Railway Co.* v. *Paup*, 22 S. W., 213; *Railway Co.* v. *Ritz*, 33 Kan., 404 (6 Pac. Rep., 533); *Taul* v. *Shanklin*, 1 White & W. Civ. Cas. Ct. App., sec. 298; *Railway Co.* . *Johnson*, 3 Wilson Civ. Cas. Ct. App., 26; *Railway Co.* v. *Nicholson* (Civ. App.), 25 S. W., 792, note and authorities; 8 Am. & Eng. Ency. Law (2d ed.), 330.

*J. W. Cutrer*, for appellee.

It is very difficult in a case like this to ascertain with anything approaching mathematical accuracy just how much dam-

age plaintiff has suffered.   To hold plaintiff to any such stiff rule would be to place an almost insuperable obstacle in the way of farmers suing for damaged crops.   Nor do the courts lay down any such stiff doctrine.   It must be remembered that plaintiff was suing in tort, and not for breach of contract.   The distinction between the two is clearly drawn in *Railway Co.* v. *Hanes,* 69 Miss., 160.

When a person has been injured by the destruction of his property, any rule which would make recovery almost impossible would certainly be a bad rule.   Any attempt on the part of appellant to pin the appellee down to absolute certainty in the proof of his damage will certainly not be countenanced by this court.   Damages to growing crops are extremely difficult to prove under the most favorable circumstances, and if every injured person is compelled to prove each and every item of damage suffered by him and to give an exact reason for his statements, very few injured persons will ever be able to recover.

"Absolute certainty is not required.   The true rule on the subject is announced by the supreme court of Michigan in the well-reasoned case of *Allison* v. *Chandler,* 11 Mich., 542, 555. Shall the injured party be allowed to recover no damages (or merely nominal) because he cannot show the exact amount with certainty, though he is ready to show, to the satisfaction of the jury, that he has suffered large damages by the injury?   Certainty, it is true, would be thus attained; but it would be the certainty of injustice.   Juries are allowed to act upon probable and inferential as well as direct and positive proof.   And when, from the nature of the case, the amount of the damages cannot be estimated with certainty, or only a part of them can be so estimated, we can see no objection to placing before the jury all the facts and circumstances of the case having any tendency to show damages or their probable amount, so as to enable them to make the most intelligible and probable estimate which the nature of the case will permit."   1 Sedgwick on Damages (8th ed.), 246.

TRULY, J., delivered the opinion of the court.

The granting of the peremptory instruction to award the statutory penalty for failure to maintain a necessary and proper cattle guard was correct. The contention mainly relied on by appellant is that there was no specific proof of actual damage sufficiently definite to warrant a jury in returning a verdict in any amount. The witness Hubbard testified that twelve acres of corn had been twice completely destroyed—once when the crop was growing, again after the corn was matured; that he estimated the loss in bushels at five hundred; that the crop of cotton had been damaged to the extent of fifteen or seventeen five-hundred-pound bales; that all of the corn belonged to appellee, and was worth sixty-five cents per bushel; that one-third of the cotton would have been the property of appellee if gathered, and was worth from ten to eleven and one-half cents per pound; and that at least one-half of the entire loss was directly attributable to the depredations of cattle that entered the field over the ineffective cattle guard. Further on, just before the close of his testimony, he stated that the value of the corn crop at the time of its destruction was $250, and that the damage to the cotton crop caused by the cattle was between $700 and $800. This testimony was accepted by the jury, and we think it ample to sustain a judgment for the amount which was allowed to stand in this case. Mathematical certainty as to the amount of damage suffered is not required in actions of tort of this character. The amount of damage inflicted by injury to, or destruction of, property is, at last, like the value of the property itself, "only a question of estimation, varying as the individual judgments of men may differ." For this reason the law commits to the jury the duty of arriving at the amount of damage suffered, and this can only be arrived at by an estimation based upon the testimony of the witnesses. Damages must be certain both in their nature and the cause from which they proceed; but the amount in cases like the one here presented—where a crop has been partly de-

stroyed while growing, and partly after maturity, but before gathering—must, from the very nature of things, be calculated from statements detailing to the jury the exact situation of affairs as they existed at the time of the injury or destruction. Any other rule would debar the plaintiff from all chance of recovery in many cases of similar character. The conclusion announced above is approved by text writers of most eminent distinction. 1 Sedgwick on Damages, p. 246. In the recent edition of the very valuable work of Sutherland on Damages, the rule is thus stated (p. 339): "If a growing crop is destroyed, it can, of course, never be shown with absolute certainty that but for its destruction it would have matured, nor that one party who is stopped by the other in the performance of a special contract would otherwise have proceeded to a complete execution of it so as to entitle himself to its full benefits. Nor is it a matter of law that the jury shall assume that the crop would have matured or that the contract would have been fulfilled. The jury may estimate, with the aid of the testimony, the value of the crop at the time of its destruction, in view of all the circumstances existing at any time before the trial, favoring or rendering doubtful the conclusion that it would attain to a more valuable condition, and all the hazards and expenses incident to the process of supposed growth or appreciation." The crop no longer being in existence, its value could only be arrived at by calculation based on competent proof. We think that course was followed in the case at bar.

*Affirmed.*