ILLINOIS CENTRAL RAILROAD COMPANY ET AL. *v.* HOWARD JONES.

[39 South. Rep., 493]

RAILROADS. *Carriers of freight. Connecting lines. Liability as partners. Evidence.*

In a suit against two railroads for damages because of delay in the carriage of freight from a point on one of the roads to a point on the other, if it be shown that the two roads had the same freight agent, the same train dispatcher, and other employes at their junction point through which the freight was carried, and that the entire route over which the shipment was made, embracing a part of each road, was under the supervision of a common traveling freight agent, a verdict of a jury finding them to have been partners as carriers of the freight in question will not be disturbed as unsupported by evidence.

FROM the circuit court of, first district, Hinds county.

HON DAVID M. MILLER, Judge.

Jones, the appellee, was the plaintiff in the court below; the Illinois Central Railroad Company and the Yazoo & Mississippi Valley Railroad Company, the appellants, were defendants there. The suit was for damages caused by delay in the delivery of freight. From a judgment in plaintiff's favor, defendants appealed to the supreme court.

Jones, the appellee, arranged to feed and fatten for market a number of cattle at Terry, a station south of Jackson, on the main line of the Illinois Central Railroad Company. In November, 1904, he bought of the Buckeye Cotton Oil Company, of Greenwood—a station north of Jackson, on the Yazoo & Mississippi Valley Railroad—thirty-five car loads of cotton-seed hulls, sufficient to feed his cattle. The hulls were to be shipped at the rate of two car loads each week over the Yazoo & Mississippi Valley Railroad to Jackson, thence over the Illinois Central Railroad to Terry, a distance of one hundred and sixteen miles in all. The two railroads had the same freight agent at their junction point—Jackson; the same train dispatcher and other employes; and the entire route over which the hulls were to be shipped was under the supervision of a common traveling freight agent, Greenwood, Terry, and Jackson all being in his territory. During the months of December and January the railroad made delays in the delivery of fourteen car loads of hulls, although the plaintiff on several occasions notified the agent at Terry and the traveling freight agent of the delays as they occurred, and explained the importance of prompt deliveries of the hulls, which were needed for feed stuff. In February plaintiff filed his suit, claiming actual damages caused by being obliged to buy hulls in Jackson at a price above that contracted for with the Buckeye Cotton Oil Company, and consequential damages caused by the depreciation in value of his cattle, due to

lack of feed stuff on several occasions when plaintiff's supply of hulls became exhausted.

*Mayes & Longstreet,* and *C. N. Burch,* for appellants.

There is not a scintilla of evidence in the record to warrant a finding that the two railroad companies are identical or that they are partners.   Not a single car of hulls of all the shipments was delayed an hour even by the Illinois Central Railroad after the cars came into its possession.   The verdict and judgment against the Illinois Central Railroad Company is clearly erroneous, and was returned only because of the confusion as to the separate identity of that road from the Yazoo & Mississippi Valley Railroad, on account of the incompetent testimony erroneously admitted by the court, over the objection and exception of the defendant, in relation to the advertisements of the Mississippi Valley route, made up of the Illinois Central Railroad and the Yazoo & Mississippi Valley Railroad, and of the incompetent statement of a witness admitted by the court over the objection of the defendant.

There was an effort by this sort of incompetent evidence to show that the Illinois Central and the Yazoo & Mississippi Valley Railroad Companies were one and the same corporation. The proof was attempted to be made by the introduction of circulars advertising a through route from the northwest, issued by these two railroad companies in conjunction, under the style of the "Mississippi Valley Route," to the seaboard; and over objection the court permitted this testimony.

An effort was also made to prove that the two railroads were one and the same corporation—and allowed by the court, over the objection of defendant—by showing that the engines and cars of one company were occasionally seen on the other railroad.   This court will take judicial knowledge of the fact, even if not required to do so by such light and incompetent evidence as was admitted below, that the Yazoo & Mississippi Valley Rail-

road Company is a corporation of the state of Mississippi, and that the Illinois Central Railroad Company is a corporation under and by virtue of the laws of the state of Illinois, operating in this state under the general acts of the legislature as lessor of the Chicago, St. Louis & New Orleans Railroad Company— another separate and distinct Mississippi organization.

For the errors in the admission of this incompetent testimony the judgment should be reversed.

*Harper & Potter,* for appellee.

The evidence shows that Sample is the general agent of both roads at Jackson, and they have the same train dispatcher and other agents, and Redmond is the traveling freight agent for both roads, his jurisdiction extending from Jackson to Clarksdale, on the Yazoo & Mississippi Valley Railroad, and from Durant to Hammond, on the Illinois Central Railroad; they have the same claim agents and attorneys, and there is no apparent distinction between the two roads touching freight matters. The two roads were advertised as the "Mississippi Valley Route," and the leaflet in evidence shows that all the stations on the two roads are advertised as on this common route.

"If the several lines are under one management and control, so as to constitute a system, or have contracts by which their continuous roads are held out to the public as a line for through transportation, the roads constituting the line or system are jointly liable for injuries occurring to goods while being carried over their through line. Wherever there is an identity of interest, or the companies have placed certain features of their business under one general contract (although the general management of each road is retained by its owners), the companies are, as to such features of their business, partners and liable as such." *Railroad Co.* v. *Lamkin,* 78 Miss., 502 (s.c., 30 South. Rep., 47).

WHITFIELD, C. J., delivered the opinion of the court.

The two points chiefly relied on for reversal are (1) that the evidence is insufficient to show any partnership arrangement between the Illinois Central Railroad and the Yazoo & Mississippi Valley Railroad, such as to render either liable, and (2) that no special notice was given at the time the original contract was made of the important character of the shipment—that is to say, that the hulls were to be used for fattening cattle. A careful examination of the testimony satisfies us that, within the rule announced in *Railroad* v. *Lamkin,* 78 Miss., 502 (30 South. Rep., 47), there was sufficient evidence to send the case to the jury. As to the question of notice, it very clearly appears that, the partnership arrangement being established, the plaintiff did give special notice that the hulls were wanted for the purpose of feeding cattle, prior to each of the fourteen shipments, delay in delivery of which is complained of in this case. The legal proposition is thus satisfied by the testimony in the case.

*Affirmed.*