MONTGOMERY WARD & CO. *v.* HUTCHINSON.

(Division B. March 11, 1935.)

[159 So. 862. No. 31603.]

702

R. H. and J. H. Thompson, of Jackson, for appellant.

Ross R. Barnett, Arden Barnett, P. Z. Jones, Jr., and D. C. Enochs, all of Jackson, for appellee.

Argued orally by **J. H. Thompson,** for appellant, and **Arden Barnett** and **D. C. Enochs,** for appellee.

**Griffith, J.,** delivered the opinion of the court.

One Adams had a contract with a lumber company to haul ordinary pine saw logs, which was being performed in part by the use of trucks. He had fallen behind with his deliveries, and found it necessary to use an additional truck and driver. He employed appellee for the job with the understanding, or rather upon the condition, that appellee would put his truck in good repair and equip it with good tires and would report for work not later than at noon on Monday, October 2, 1933. Appellee immediately had his truck overhauled and repaired at considerable expense, and on Saturday morning, September 30, 1933, went to appellant's mercantile establishment in Jackson to procure the two heavy nonskid tires necessary to complete the equipment of the truck for the work to be performed.

Appellant's Jackson store had only one of the tires desired by appellee, and the salesman in charge of the tire department offered to wire for the other tire to

another store of appellant, of which, according to the record, there appear to be many within this trade territory. Appellee explained to the salesman in charge that he could not accept this offer unless furnished the assurance that, by the arrangement proposed, he would be reasonably certain to obtain the other tire during the forenoon of the following Monday, October 2d; and further explained to the salesman that appellee had an employment for the hauling of logs with his truck, which employment he anticipated would last for more than a year, and that the gains which appellee would make from the employment would amount to fifteen dollars per day above expenses, but that the employment was conditioned upon his being on the job fully equipped by noon on the said following Monday. The salesman thereupon assured appellee that appellant would immediately wire its Baton Rouge store, or some other of appellant's stores, where the particular tire desired was in stock, and that in the ordinary course of shipment by express the tire would reach appellee at Kosciusko, appellee's shipping point, not later than the following Monday morning, and with this assurance and understanding appellee made the required cash payment for the two tires, accepted delivery of the one on hand, and on the following Monday went to the express office at Kosciusko expecting to receive delivery of the other.

Instead of wiring for the tire on Saturday morning, as the appellant's agent had agreed to do, the order was delivered that afternoon to a traveling supervisor of appellant with directions that the supervisor pick up the tire at some one of appellant's stores which the supervisor would happen to visit; and the result was that the tire was not shipped until Wednesday, October 4, 1933, and then from Shreveport, from whence it arrived at Kosciusko on October 6th. In the meantime, appellee had anxiously called every day at the Kosciusko express office and had gone twice to see Mr. Adams ask-

ing for more time, and had unsuccessfully tried to get another tire in the community. When the tire finally arrived on Friday, the 6th, appellee immediately reported to Mr. Adams for the work, when he was told that he was too late; that on the day before other arrangements had been made. Appellee thereupon sought other work elsewhere, but without success. On August 2, 1934, he filed suit against appellant and recovered judgment for one thousand dollars, from which this appeal is taken.

The first contention of appellant is that its salesman in charge of its tire department had no authority to give assurance that the tire would reach Kosciusko on October 2d, or at any other fixed time. It is admitted, however, by appellant's general store manager that the salesman had the authority to wire for the filling of the order to another store of appellant, where the tire was in stock. As a legal consequence, this authority included the authority to make an agreement to order by wire to another store of appellant. This agreement the agent made, but did not fulfill. There is ample evidence by which the jury could reasonably infer and find that if the wire had been sent on Saturday morning, as agreed, the tire would probably have been shipped either that day or on the following Monday, and that the tire in the ordinary course of transportation by express would probably have reached Kosciusko by or before Wednesday, the 4th; and the proof shows that Mr. Adams was still holding the job open for appellant on Wednesday, and would have taken him had he been ready for work on the afternoon of that day.

The next contention of appellant is that the damages allowed by way of lost profits are not recoverable because uncertain and speculative; and appellant offers suggestions of several possibilities or contingencies which might have happened to defeat any profits. Under our jurisprudence the rule as to uncertain or specu-

lative damages does not apply to uncertainty as to the amount of the profits which would have been derived, but to uncertainties or speculation as to whether (1) the loss of profits was the result of the wrong, and (2) whether any such profits would have been derived at all. Delta Table & Chair Co. v. Railroad Co., 105 Miss. 861, 63 So. 272. A party who has broken his contract cannot escape liability because of the difficulty in finding a perfect measure of damages. It is enough that the evidence furnishes sufficient data for an approximate estimate of the amount of the damages. Adams Mach. Co. v. South State Lumber Co., 2 Ala. App. 471, 56 So. 826, 830.

In civil cases courts deal with, and act upon, reasonable probabilities. We have often said that it is not sufficient to sustain a verdict or judgment to show no more than a possibility or to arrive at a verdict by conjecture or speculation. On the other hand, when a verdict is sustained by the reasonable probabilities growing out of the evidence, the judgment is not to be defeated by showing that there is this or that or the other possibility which would point to a contrary verdict. If the rule were not as stated, civil cases would have to be proved, as are criminal charges, beyond a reasonable doubt.

Appellant, at the time of the making of the contract, was specifically informed of the special circumstances, and thus the damages sought were brought within the contemplation of the parties. The employment, so far as the first three months' work was concerned, was at a fixed compensation of two dollars and fifty cents per thousand; the haul was for a fixed distance of from three and one-half to four miles; the employer was to load the logs on the truck promptly at the initial loading place; the weather was good throughout the three months; and Mr. Adams, who had several years experience in this work, testified that with a good truck in good repair

with good tires the truck and its driver could make fifteen dollars per day net under the physical conditions next above mentioned, if the operator worked hard and for full hours. It must be regarded as probable that a person so anxious at the time to secure the work as was appellee would do the work, or see that it was done, with industry and intelligence. Hauling saw logs with automobile trucks over short distances is no new business in this state; it is a common and simple employment. It is not attended with any difficult elements of complexity nor with the numerous items of risk and disappointment which so often beset an extensive business. We think the evidence meets the requisite of reasonable probabilities as to the three months next following October 2, 1933, and at two hundred dollars per month, the net amount per month laid by appellee in his declaration.

But for the months succeeding the period last mentioned, we are of the opinion that the evidence will not support the verdict: First, because the three months' period above mentioned was succeeded by an engagement by Mr. Adams in hauling long piling. These operations covered a wide and scattered territory, with long hauls, and were conducted under so many difficulties and were attended by so many hazardous contingencies as to make this succeeding period undependable as a basis for the estimation of profits in behalf of one not long hardened and seasoned in that particular business, and appellee did not have that long experience and training; and, second, it appears from the evidence that had appellee applied to Mr. Adams for work on this period of hauling piling, his application would probably have been favorably considered, and it cannot be dependably said that the chance that Mr. Adams would then have taken him was definitely not equal to the chance that Adams would have retained appellee had he been on the first three months' work. But appellee did not seek the new work with Mr. Adams and thus did

not fulfill his obligation to make all available reasonable efforts to obtain employment during this latter period and thereby reduce his damages.

It follows that the verdict is excessive to the extent of four hundred dollars. If appellee will enter a remittitur in that amount, the judgment will be affirmed for six hundred dollars; otherwise, it will be reversed and the case remanded.

Affirmed, with remittitur.