FORTENBERRY *v.* PITTMAN *et al.*

(Division B. Oct. 20, 1930.)

[130 So. 294. No. 28820.]

G. Wood Magee, of Monticello, for appellant.

Ford & McGehee, of Columbia, for appellees.

C. E. Gibson, of Monticello, for appellees.

Argued orally by **G. Wood Magee**, for appellant, and by **C. E. Gibson**, for appellee.

**Griffith, J.,** delivered the opinion of the court.

About ten years ago there was a suit in chancery involving the title to the north half of northeast quarter, Section 13, Township 5 North, Range 20 West, in the result of which the parties to the present suit were the persons chiefly concerned. After entering upon the trial in that case, there was a compromise settlement by which the parties in actual interest agreed that a deed would be executed by which to work out and transfer title according to the several claims agreed upon in the settlement. When the parties met thereafter and on the same day to consummate their compromise, it was suggested that there were lands lying south of the said eighty acres and between that description and Pearl river which were also in some dispute, and that the deed should be so drawn as to settle all disputes. This was accordingly done, and a deed was executed by which appellant renounced all claim to any lands lying west of a line beginning at a point on the north boundary line of said eighty acres two hundred seventy poles east of the northeast corner of said section, and running thence south twenty-four degrees west to Pearl river; the said line thus described being approximately one-half mile long.

Some time thereafter appellant filed this present suit, in which he alleged, in effect, that the said deed executed by him did not correctly represent the compromise agreement; that the said line south twenty-four degrees west runs too far to the east, and, if allowed to stand, would wrongfully take about thirty acres of his land, to which appellees had otherwise no title and had never claimed title. When this latter suit came on for trial, there was another agreement, which we copy from the record as follows: "It is agreed by the parties in this cause that the decree made by the chancery court of Lawrence county on July 21, 1920, and the deed made by J. W. Fortenberry and wife , , , on the same day in com-

promise of the cause . . . both properly described the land and the land line involved in this case, and that the only question in this case now for decision by the court, after hearing the testimony, is whether or not the defendants crossed this line and cut timber on the land of J. W. Fortenberry.'' The court held that no timber was cut east of said line, as described in said deed, and the testimony is sufficient to support that finding.

But the case is presented here by appellant as if no such agreement as that last mentioned were in the record, and no explanation is made of the effort to disregard it, although appellees call repeated attention to it and rely on it. If the said agreement found its way into the record in other than a binding manner, timely action should have been taken, before submission, to purge the record of it. This was not done, and it stands duly certified in the record without challenge, in consequence of which we cannot do otherwise than give it effect, and with the result to affirm the decree.

But, if there were no such trial agreement in the record, and we were to undertake to determine whether the evidence is sufficiently strong in behalf of appellant in respect to the controverted boundary line to overturn the effect of the decree on the issues of fact, we would still be unable to make any definite progress, for the reason that a large part of the evidence, and, so far as we can know, that which was influential on the mind of the chancellor, was taken by the witnesses pointing out on diagrams the various pertinent features of the physical situation, thus leaving us with no means of knowing exactly what the witnesses meant to impart and did impart to the court. Two diagrams were used, as it would appear. The first is in the record, but the second, used by the witness Hathorn and introduced at page 136 of the transcript, is missing. In these regards the case resembles Illinois Cent. R. Co. v. Miller, 68 Miss. 760, 762, 763, 10 So. 61, and Planters' Package Co. v. Parsons, 153 Miss.

9, 12, 120 So. 200, to both of which attention was called in Hume v. Inglis, 154 Miss. 481, 488, 122 So. 535. We can only repeat what was said by the court in those three cases.

Affirmed.