HAWKINS HARDWARE Co. v. CREWS.

(Division B. Sept. 28, 1936.)

[169 So. 767. No. 32272.]

T. J. **Wills**, of Hattiesburg, for appellant.

436

F. M. Morris, of Hattiesburg, for appellee.

Argued orally by **T. J. Wills**, for appellant.

**Griffith, J.**, delivered the opinion of the court.

Appellant, a corporation, is the owner of a store building which appellee had occupied as tenant for several years. On December 29, 1934, appellant sued out an attachment for rent, averring that appellee was in arrears for rent in the sum of four hundred fifty dollars, and the writ was levied by the sheriff upon some of the goods of the tenant. On the next day the tenant gave bond and the goods were released. The pleadings were thereafter properly made up for the presentation of the issues whether the rent, or any part of it, claimed by the landlord was due, and, if not, the damages to be awarded the tenant for the wrongful suing out of the writ.

The details of the testimony are difficult to precisely understand from this record, because a large part of it revolves around what apparently was a statement of the rent account between the parties carrying, among other items, the various payments made by the tenant, and to which statement the witnesses frequently referred in their answers and in such manner that we cannot accurately tell what the witnesses meant without having that statement before us. But that statement, although introduced in evidence, is not transcribed in the record. We have often called attention to the effect of such omissions from the record and to our reservation of right to refuse an attempt to review the evidence when such omissions have been allowed in the transcript. Planters' Package Co. v. Parsons, 153 Miss. 9, 11, 120 So. 200; Hume v. Inglis, 154 Miss. 481, 486, 122 So. 535; Fortenberry v. Pittman, 158 Miss. 148, 151, 130 So. 293; John-

son v. Lake, 162 Miss. 227, 233, 139 So. 455, 88 A. L. R. 262; Seward v. West, 168 Miss. 376, 386, 150 So. 364.

We believe, however, that enough can be made out of some of the questions and answers made in the record by way of summary to enable us to safely say that the issue between the parties finally got down to this: If the rent due by the tenant for eleven months previous to the repair of the roof in the fall of 1934 was at the rate of fifty dollars per month, the payments made for those months plus the payments made for other months within the disputed period and plus the check for seventy-five dollars, tendered in full by the tenant on December 29, 1934, but refused by the landlord, would cover all that was due by the tenant, leaving aside the damages claimed by the tenant on account of the leaking roof.

The facts are further, that the normal rental rate expressly agreed upon between the parties during the period now in dispute was seventy-five dollars per month. There was a leaking roof, about which the tenant frequently complained, and according to his testimony, which the jury had a right to accept, the landlord agreed with him to repair the roof, but the repairs were not for some time made. Considerable annoyance and some damage was from time to time suffered by the tenant, because of this leaking roof; and this continued after the agreement to repair, so that the tenant finally stated to the secretary-treasurer of the corporation landlord that until the roof was repaired he would not pay over fifty dollars per month, and he paid to the secretary-treasurer at that rate for eleven months, at the end of which time the roof was repaired and the tenant then returned to the seventy-five dollars per month payments.

The landlord disputed that the tenant ever stated to or notified the said secretary-treasurer that he would not pay any more than fifty dollars pending said repairs; but this was a question of fact for the jury. And the landlord says further that the secretary-treasurer had no authority to consent to a reduction to fifty dollars per

month, whatever the reason for the agreement might be. For the sake of the argument, and for that purpose only, we may concede that the secretary-treasurer had no authority so to consent; nevertheless he was such an officer or agent of the corporation, being the officer who was collecting the rent, as that a valid notice of intention on the part of the tenant in respect to the rent could be given to that officer as effectively as to the president or manager or board of directors (14A. C. J., pp. 484, 485), and having this notice, it became the duty of the corporation to act with reasonable promptness in counter notification to the tenant that the fifty dollars per month would not be accepted, so that the tenant could elect to move out, if he so desired, there being no fixed time for the termination of the lease. But the corporation said nothing and accepted the fifty dollars per month without further comment or any disavowal of any kind for this long series of months and until after the roof had been repaired and the normal rate of seventy-five dollars had been resumed.

We think, therefore, that a proper result was reached by the trial court upon the above facts as found by the jury, and upon which their verdict is sufficiently supported by the proof, as to the said eleven-month period. This leaves the seventy-five dollars represented by the check tendered by the tenant on December 29, 1934, and which was rejected by the landlord because it was tendered as full payment to December 31, 1934. Appellant says that it should have had judgment in any event for said amount; that the tender was an admission by the tenant that the seventy-five dollars carried in that check was due. The testimony is sufficient to show that, at the time of the tender, there was a dispute between the landlord and the tenant, the landlord claiming that more than the seventy-five dollars was due, and the tenant claiming that nothing was due on account of damage to his goods caused by the leaking roof which the landlord had failed to repair after having agreed so to do.

In such a case when a tender in accord and satisfaction is refused, the whole controversy stands open as if no tender had been made.

It is contended by the appellant, that, even if the damage caused by leaks after the agreement to repair is to be set off against the seventy-five dollars, there is no specific proof of such damage beyond one item of twenty-two dollars for damages to flour. But it is not necessary that the damages to property caused by the wrongful act or omission of another shall be proved with precision to the exact dollar. When the cause of the damages is reasonably certain, recovery is not to be denied because the data in proof does not furnish a perfect measure thereof, Montgomery Ward & Co. v. Hutchinson, 173 Miss. 701, 708, 159 So. 862; and in a case like the one now before us, it is enough that sufficient facts are given from which the jury may safely make at least a minimum estimate; and there are enough facts in this record, shown as facts, upon which the jury could well say that the damage suffered by the tenant after the agreement to repair was not less than the said seventy-five dollars.

For the wrongful suing out of the attachment the jury returned a verdict in favor of the tenant for one dollar. The circuit court in affirming the judgment of the county court assessed damages for the appeal in the sum of thirty-three dollars and fifteen cents. This was the result of calculating the five per cent. appeal penalty on the value of the goods seized in the attachment, which was six hundred sixty-three dollars. Section 704, Code 1930 (as amended by Laws 1932, c. 256), provides, in respect to appeals from the county court to the circuit court: "If no prejudicial error be found the matter shall be affirmed and judgment entered in the same manner and against the like parties and with like penalties as is provided in affirmances in the Supreme Court." And section 3387, Code 1930, in respect to the penalty for unsuccessful appeals in the Supreme Court, is: "In case

the judgment or decree of the court below be affirmed. . . . The Supreme Court shall render judgment against the appellant for damages, at the rate of five per centum and costs, as follows: If the judgment or decree affirmed be for a sum of money, the damages shall be upon such sum. If the judgment or decree be for the possession of real or personal property, the damages shall be assessed on the value of the property.''

In construing the above statutes, we must look to substance rather than form. The subject of the litigation here was the amount of rent due, if any. The property attached was incidental only and simply stood as a security for the money amount of rent due, if any were found to be due. The property had not been seized by the landlord claiming title thereto or the right to the possession thereof as regards the specific property itself; but, as said, the seizure was simply by way of security for the money claimed to be due as rent, not that the landlord claimed any interest in or right to the property other than as a mere remedy in the recovery of the rent, which latter was the real issue in the case and the actual subject-matter of the suit. The prime and actual purpose of the suit was for the recovery of a money judgment, not to recover specific property, and the penalty should have been calculated on the money judgment and not on the property seized to secure the payment of a money judgment. The judgment will be corrected so as to eliminate the penalty except as calculated upon the sum of one dollar.

Affirmed in part, reversed in part, and judgment here.