CENTRAL CAB COMPANY *v*. MORRISON.

In Banc. Dec. 31, 1948.

(38 So. (2d) 93)

H. K. Murray, for appellant.

Voller, Teller & Biedenharn, for appellee.

Griffith, C. J.

On the issue of liability, the verdict is not so plainly against the great or overwhelming weight of the evidence as to justify our interference with it, but we have entertained some concern on the complaint of excessiveness in the amount awarded, which was $3,500.00.

The principal injury to the plaintiff, a business man of mature age, was a fracture of the humerus bone of the right arm. The physician denominated it as "a severe fracture—what is called a comminuted impacted fracture." The physician was not called on to explain the quoted term, but the import of his entire testimony would reasonably lead to the conclusion that such an injury would tend to shorten the arm; and towards the latter part of his testimony, when being asked that direct question, he answered "I never measured that arm but I would assume from the X-ray that it is a little shorter."

All this brings into consideration the fact that four X-ray photographs were introduced in evidence and were presented to the jury, and yet not one of them has been brought here as a part of this record. What effect they produced in the deliberations of the jury, we cannot know. We have often heretofore called attention to the difficulty of reviewing verdicts when maps and diagrams used in the trial are missing from the record. Some of these cases

are Hume v. Inglis, 154 Miss. 481, 488, 122 So. 535; Fortenberry v. Pittman, 158 Miss. 148, 151, 130 So. 293; Johnson v. Lake, 162 Miss. 227, 233, 139 So. 455, 88 A. L. R. 262; Seward v. West, 168 Miss. 376, 386, 150 So. 364.

 There is equal reason, and in some cases a stronger reason, for bringing along with the record, and as a part of it, the photographs, including X-ray photographs, in a case such as this—which were used as a part of the evidence in the trial. It may be that the jury in examining these photographs was convinced thereby that as a probability the arm was made shorter by the injury, and if so, when added to the other damages proved, would sustain the award made by the jury,—with the further result that we could not safely undertake to order a remittitur.

Affirmed.