455 So.2d 792 (1984)
Nolan MERRITT
v.
Bennie Lee DUEITT.
No. 54385.
Supreme Court of Mississippi.
September 5, 1984.
Rehearing Denied September 26, 1984.
Gerald A. Dickerson, Lucedale, for appellant.
Michael K. Randolph, Bryan, Nelson, Allen, Schroeder & Randolph, Clifton S. Gaddis, Hattiesburg, for appellee.
Before WALKER, P.J., and HAWKINS and DAN M. LEE, JJ.
HAWKINS, Justice, for the Court:
Nolan Merritt appeals from a judgment in favor of Bennie Lee Dueitt for $5,000 rendered upon a jury verdict in Greene County.
The issues on this appeal are the competency of Dueitt to testify as to his damages and the sufficiency of the evidence to support the verdict. We affirm.
Dueitt was hauling pulpwood for a living and had to travel a certain road to get to the woods. Following a dispute with Merritt over use of the road by his truck, Merritt placed obstacles at the entrance to the road in such a manner they prevented Dueitt driving his pulpwood truck over the road. For a period of time it was possible for Dueitt to use an alternate road, but when bad weather set in, he was unable to get to the timber via the alternate route.
He testified there were 300 cords of wood remaining which he could have cut and hauled had he been able to travel the better road in his truck. He testified he was unable to find work elsewhere. Thus, whatever income Dueitt could have derived from cutting and removing pulpwood was lost. At the time he would have received $31 a cord for cutting and hauling 300 cords, and his expenses were generally one-third of his receipts. He testified his gross receipts for 1981 were $21,300, and his expenses that year were $7,000.
Merritt argues that Dueitt's testimony was incompetent, being based upon speculation. Dueitt had many years experience in the pulpwood business; it was his means of livelihood. He was certainly competent *793 to give an opinion as to the number of cords of pulpwood remaining which he was prevented from cutting and hauling. His credibility was subject to attack on cross examination.
Merritt's argument that the proof of damages was purely speculative likewise fails. Dueitt testified he was unable to find work elsewhere during the period of time he could have cut and hauled the 300 cords.
We do not, by this opinion, intimate that the issue of damages or mitigation thereof, if any, could not have been better presented. It is unfortunate that in proving their client's damages lawyers frequently falter. A little more preparation of their case on the facts and law regarding damages can prevent serious injury to their clients.
Yet, a jury issue was made by competent evidence as to the amount awarded Dueitt. We said long ago in Billups Petroleum Company v. Hardin's Bakery Corporation, 217 Miss. 24, 63 So.2d 543 (1953), suggestion of error overruled, 217 Miss. at 39, 64 So.2d 764. "The rule that damages, if uncertain, cannot be recovered applies to their nature, and not to their extent. If the damage is certain, the fact that its extent is uncertain does not prevent a recovery." 217 Miss. 37, 64 So.2d 764.
There can be no question as to the certainty of Dueitt's being damaged by having his mode of ingress and egress blocked. For a Mississippi pulpwood hauler, he gave a pretty good standard as to the measure.
AFFIRMED.
WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
PATTERSON, C.J., not participating.