458 So.2d 1048 (1984)
J.B. CAIN d/b/a Big Stream Well Drilling
v.
MID-SOUTH PUMP COMPANY.
No. 55034.
Supreme Court of Mississippi.
September 26, 1984.
As Modified on Denial of Rehearing November 21, 1984.
*1049 Briggs Smith, Smith & Phillips, Batesville, for appellant.
Peggy A. Jones, Warren & Jones, Holly Springs, for appellee.
Before BOWLING, DAN M. LEE and PRATHER, JJ.
PRATHER, Justice, for the Court:
This suit was filed in the Circuit Court of Tate County by Mid-South Pump Company against J.B. Cain on an open account. Cain counter-claimed for consequential damages incurred for replacement costs on faulty pumps purchased from Mid-South. From a directed verdict against J.B. Cain for insufficiency of proof of damages, Cain appeals, asserting that the proof was sufficient.
The question presented is whether testimony of a water well driller with 23 years experience as to the estimated cost of repair was sufficient to establish the amount of damages without the jury speculating, conjecturing or surmising.

I.
Mid-South Pump Company is a Tennessee corporation located in Memphis. J.B. Cain, d/b/a Big Stream Well Drilling is a sole proprietorship operating out of Senatobia, Mississippi. Cain, a water well-driller, was sued on an open account by Mid-South Pump for items purchased in connection with drilling and repairing wells. Mid-South's bookkeeper introduced numerous sales receipts proving that J.B. Cain, between December 11, 1978 and January 31, 1980, purchased $10,717.47 worth of goods from Mid-South. The difference between $10,717.47 and the amount sued for, $18,590.53, was the accrued service charges on the unpaid balance of the account. After introducing this evidence the plaintiff rested.
Cain counter-claimed, asking for an offset in the amount of $5,600.00, which represented the amount of labor it took to repair fifteen wells which failed because the pumps, purchased from Mid-South, were defective. His claim arose from the consequential damages he suffered in replacing defective pumps which were warranted by Mid-South.
Cain, who had been in the water well drilling business for 23 years, explained it takes a three-man crew two sixteen hour days to replace a well pump at a cost to him for each well of approximately $350.00 *1050 in labor and equipment. Each time a pump failed under warranty, Mr. Cain would take it to Mid-South in Memphis for replacement. The defective pumps had been installed from two weeks to three or four months before failure occurred. Cain named fifteen specific clients who had to have their defective well pumps or motors replaced. However, Mr. Cain was unable to provide specific dates on which the pumps failed or the exact amount of man-hours of labor it took to replace them.
Cain stated that he would tell the Mid-South representative that he should be entitled to labor cost for replacing the faulty pumps and motors. It was admitted by Cain that he owed Mid-South approximately $10,717.47 for materials he purchased from them. No charge was made for replacement pumps. However, Mr. Cain further denied he should pay a finance charge on the outstanding balance of the account since such balance was in dispute, in that no allowance was made by Mid-South for the labor performed by Cain in replacing the well pumps.
After hearing the testimony, the trial court concluded the proof presented by Cain concerning the cost of labor to replace the well pumps was insufficient as a matter of law, and would cause the jury to speculate as to damages.
Therefore, the lower court sustained a directed verdict against Mr. Cain and damages were assessed as a matter of law at $18,590.53.

II.
Was the testimony of defendant, a water well driller with twenty-three years experience, as to estimated cost of repair of a water well, sufficient to establish the amount of damages?
Obviously, a water well driller with 23 years of experience would qualify as an expert in the field and should be able to estimate how much it costs to replace a water well pump or motor. In Schoppe v. Allied Chemical Division, 418 So.2d 833 (Miss. 1982) this Court held that formal education is not the only means of becoming an expert in a field. A witness may qualify to give an expert opinion through his experience only. See also, Merritt v. Dueitt, 455 So.2d 792, (Miss. 1984); Early-Gary Inc. v. Walters, 294 So.2d 181 (Miss. 1974), to the same effect.
The central issue of this case is whether enough evidence was presented by Mr. Cain to provide the jury with a reasonable basis for computing damages. For a general understanding of what constitutes a sufficiency of proof to sustain an award, we note:
... [W]here it is reasonably certain that damage has resulted, mere uncertainty as to the amount will not preclude the right of recovery or prevent a jury decision awarding damages. This view has been sustained where, from the nature of the case, the extent of the injury and the amount of damage are not capable of exact and accurate proof. Under such circumstances, all that can be required is that the evidence  with such certainty as the nature of the particular case may permit  lay a foundation which will enable the trier of facts to make a fair and reasonable estimate of the amount of damage. The plaintiff will not be denied a substantial recovery if he has produced the best evidence available and it is sufficient to afford a reasonable basis for estimating his loss.
22 Am.Jur.2d Damages § 25 (1965).
Mississippi is in accord with this principle. In Shell Petroleum Corp. v. Yandell, 172 Miss. 55, 158 So. 787 (1935), this Court stated: "[t]he damages for a breach of contract are such as the parties may have reasonably expected to flow from the breach. The damages are speculative when the cause is uncertain, not when the amount is uncertain." 158 So. at 790.
Likewise, in Hawkins Hardware Co. v. Crews, 176 Miss. 434, 169 So. 767 (1936), it was held:
When the cause of the damages is reasonably certain, recovery is not to be denied because the data in proof does not furnish a perfect measure thereof, Montgomery *1051 Ward & Co. v. Hutchinson, 173 Miss. 701, 708, 159 So. 862; and in a case like the one now before us, it is enough that sufficient facts are given from which the jury may safely make at least a minimum estimate.
169 So. at 769.
In Ross v. Deposit Guaranty National Bank, 400 F. Supp. 45 (S.D.Miss. 1974), the District Court held under Mississippi law, the lack of a perfect measure of damages will not prevent recovery, but nonetheless, damages must be reasonably certain and not purely speculative.
In the case sub judice, Mr. Cain's damages were not purely speculative. His qualifications evidencing expertise in his business were sufficient to state his opinion based upon his knowledge and experience.
Mr. Cain presented uncontradicted evidence that fifteen pumps had to be replaced at a cost to him of approximately $350.00 each, giving fifteen specific names of customers for whom he had replaced faulty Mid-South pumps and motors. There was no dispute concerning the reasonableness of this figure. While it is true Mr. Cain could not provide the exact dates the pumps went out, other than stating they went out in 1980 or 1981, or prove exactly how much it cost to replace them, this should not prevent his recovery if the jury accepted his estimates. We note that no objection was made as to the best evidence rule. We, therefore, hold a jury question was presented.

III.
Mid-South also claims that Cain's failure to give written notice of a defective product, as required by Tennessee law, prevents recovery by Cain of any alleged offset.
Although not technically raised as a cross-appeal by the appellee, Mid-South, this Court considers this assignment of the appellee as such a cross-appeal. The contention of Mid-South of reliance on Tennessee law was not alleged in the appellee's answer to counter-claim in the trial court. This Court, therefore, does not consider it on appeal. If upon retrial, the appellee desires to raise the issue, Mid-South may apply to the trial court to amend its answer for a full consideration of all issues.
REVERSED AND REMANDED.
WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, ROBERTSON and SULLIVAN, JJ., concur.
PATTERSON, C.J., not participating.