ROY NOBLE LEE, Chief Justice,
for the Court:
Arthur Grant Gearheard, III appeals a judgment of the Chancery Court of the First Judicial District of Hinds County enjoining him from allowing excess water to flow from his sprinkler system and swimming pool onto his neighbors’ driveways, and ordering him to pay $7,500.00 for the cost of repair to his neighbors’ property. We affirm.
I.
The property of Arthur Grant Gear-heard, III (Gearheard) adjoins the properties of Grady L. McCool, Aliene W. McCool (McCool) and Stephen L. Beach, III (Beach). Gearheard’s property is bordered on the east by McCool and on the south by Beach.
In 1981, Gearheard installed a swimming pool and sprinkler system on his property. Some time afterward, McCool and Beach complained that excess water from Gear-heard’s sprinkler system and swimming pool was causing damage to their respective driveways. The differences between the parties remained unreconciled.
In April, 1988, McCool and Beach filed their complaint against Gearheard in the Chancery Court of the First Judicial District of Hinds County seeking an injunction and damages. The cause was tried in May, 1989. In the end, the chancellor rendered judgment in favor of McCool for $3,750.00 and in favor of Beach for $3,750.00. The court also enjoined Gearheard from allowing his sprinkler system or swimming pool to discharge “excessive amounts of water which may damage again the property” of *877 McCool and/or Beach. On appeal, Gear-heard presents the following issues:
(1) Whether the judgment of the trial court is based upon substantial evidence and is not manifestly in error;
(2) Whether the injunction against Gear-heard was proper, within the authority of the trial court, and enforceable;
(3) Whether the expert witnesses offered by McCool and Beach were qualified in their designated fields of expertise.
II.
On appeal we are restricted by familiar rules of review which need not detain us here. The primary issues before the trial court were not complicated. Did Gearheard permit excessive water from his sprinkler and/or pool to flow onto the property of his neighbors, and, if so, did the water cause damage, and, if so, in what amount?
Several witnesses testified at trial. Some of these witnesses stated that excessive amounts of water began to flow from Gearheard’s property onto the McCool and Beach properties from the time Gearheard installed the pool and sprinkler system. This problem was described as being constant, whereas before, there was no problem.
Other witnesses testified to causation and damage. Evidence was offered to show that the respective driveways of McCool and Beach had deteriorated due to the erosive effects of the excess water. The cost of repair to the driveways varied from $6,000 to more than $35,000. Pictures of the damaged driveways were introduced and used by witnesses who gave detailed and graphic accounts of the excessive water flowing onto the driveways from Gearheard’s property.
Given the substantial evidence offered to support the plaintiffs’ claims, we are unable to say the chancellor was manifestly wrong in ruling as he did.
III.
The court enjoined Gearheard from allowing his pool and/or sprinkler system to discharge “excessive amounts of water which may damage again the property” of McCool and Beach. Gearheard contends the language employed by the court in granting the injunction does not satisfy the specificity requirement of Miss.R.Civ.P. Rule 65(d)(2). See also Hall v. Wood, 443 So.2d 834, 841-42 (Miss.1983).
We find nothing in the form of the injunction which violates Miss.R.Civ.P. Rule 65(d)(2) or previous pronouncements of this court. The “end to be achieved” is quite clear, and because of the nature of the problem, Gearheard has correctly been left with some flexibility in arriving at the exact “means” of achieving that end. Hall, 443 So.2d at 842.
IY.
Finally, Gearheard claims that the experts offered by McCool and Beach were not qualified. We find the claim specious. The chancellor properly ruled that Larry Craft and Grady McCool were eompetént to give expert testimony pursuant to Miss. R.Evid. Rule 702. See Cain v. Mid-South Pump Co., 458 So.2d 1048, 1050 (Miss.1984); Shoppe v. Allied Chemicals Division, Etc., 418 So.2d 833 (Miss.1982).
AFFIRMED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ„ concur.