**DELTA ENVIRONMENTAL PRODUCTS, INC., Ecological Tanks, Inc. and Aquaklear, Inc. Plaintiffs**

v.

**H.E. McGREW, Jr. Individually, H.E. McGrew, Inc., McGrew Construction Co., Inc., William A. Stegall, Individually, and Mo–Dad–1, Inc. Defendants**

**Mo–Dad–1, Inc. Counter–Plaintiff**

v.

**Aquaklear, Inc., Grady A. Tucker, Jr. and Marty Tittlebaum Counter–Defendants**

**No. CIV. A. 398CV550LN.**

United States District Court, S.D. Mississippi, Jackson Division.

May 10, 1999.

Walter C. Morrison, IV, Upshaw, Williams, Biggers, Beckham & Riddick, Jackson, MS, for Plaintiffs.

Alexander A. Alston, Jr., Joseph S. Gatlin, III Alston & Jones, David C. Dunbar, Grover Clark Monroe, II, Harris, Geno & Dunbar, P.A., Jackson, for Defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, Chief Judge.

■ This cause is before the court on motion of counter-defendants Aquaklear, Inc., Grady A. Tucker, Jr. and Marty Tittlebaum to dismiss certain allegations by counter-plaintiff Mo–Dad–1, Inc. (Mo–Dad) for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Counter-plaintiff Mo–Dad has responded in opposition.[1] The court, having considered the motion and submissions of the parties, finds that the motion is well taken and should be granted.

On or about August 18, 1998, plaintiffs filed a complaint against Mo–Dad and others alleging, *inter alia*, violations of the Lanham Act, stemming from the marketing and sale of certain aerobic treatment units. Thereafter, Mo–Dad filed a counterclaim against counter-defendants alleging various business torts. Specifically, in Paragraph 14 of Count 1 of the counterclaim, Mo–Dad alleges that "Counter–Defendants ... competed against Counter–Plaintiff while still working on its behalf and *usurped opportunities* within the Mississippi market that belonged to Counter–Plaintiff for their own benefit...." (Emphasis added.) Counter-defendants have moved to dismiss the allegation of usurpa-tion of corporate opportunities contending that since the doctrine of "corporate opportunity" prohibits only *officers* and *directors* of a corporation from misappropriating corporate opportunities, and since neither Tucker nor Tittlebaum ever held such positions with Mo–Dad, they may not be held liable under this doctrine.

The existence of a duty or obligation to a business association is a creature of state common law. *Gearhart Indus., Inc. v. Smith Intern., Inc.,* 741 F.2d 707, 719 (5th Cir.1984). Thus, the court looks to Mississippi law on the issue of counter-defendants' alleged duties to Mo–Dad. In this regard, the Mississippi Supreme Court discussed the "corporate opportunity" doctrine at length in *Hill v. Southeastern Floor Covering,* 596 So.2d 874 (Miss.1992), a case which received by far the most attention in the parties' briefs and which both parties cite in support of their respective positions.

■ Characterizing it as "[o]ne of the ways that the duty of good faith and loyalty may be breached," *Hill* defined the doctrine of corporate opportunity by stating, " 'The doctrine ... prohibits *directors and officers* from appropriating to themselves business opportunities which in fairness should belong to the corporation.' " *Hill,* 596 So.2d at 877 (quoting 19 C.J.S. Corporations § 513 (1990)) (emphasis added). Since he was general manager of the corporation, "responsible for the day to day operations of the business and [with] full authority to do what he felt was best

1. As an alternative form of relief, counter-plaintiff requests in its response to the motion to dismiss that it be granted "leave ... to amend its Counterclaim ... as a matter of course, as provided for in Federal Rule of Civil Procedure 15." Federal Rule of Civil Procedure 15(a) provides that "[a] party may amend his pleadings once as a matter of course at any time before a responsive pleading is served...." Subsequent to the filing of the counterclaim, counter-defendants have thus far filed only this motion to dismiss, which is not a "responsive pleading." *McGruder v. Phelps,* 608 F.2d 1023, 1025 (5th cir.1979). Therefore, counter-plaintiff's right to amend its counterclaim as a matter of course remains, at this point, unimpeded. *See Barksdale v. King,* 699 F.2d 744, 747 (5th Cir.1983). The court would point out, however, that even had counter-defendants filed a "responsive pleading," the court likely would have granted leave to amend the counterclaim insofar as " '[a] dismissal under Rule 12(b)(6) is generally not final or on the merits, ... and a [party] should normally be given leave to file an amended [pleading].' " *In re Ford Motor Co. Bronco II Prod. Liab. Litig.,* No. MD L–991, 1995 WL 491155, *5 (E.D.La.1995)(quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (2d ed.1990)).

for the business," the court held that the defendant was indeed an "officer" of the corporation and therefore subject to the corporate opportunity doctrine. *Id.*[2]

Turning to the allegations in the instant case, counter-plaintiff avers that Tucker was Mo–Dad's exclusive sales representative in Mississippi and that he had access to confidential and proprietary information regarding design, sales, engineering requirements, future development plans, dealer identities and installation of Mo–Dad's products. Tittlebaum, according to the counterclaim, was a consultant for Mo–Dad who helped design and test systems manufactured for Mo–Dad and who, as a "trusted confidant" of counter-plaintiff, had confidential and proprietary information regarding the design, engineering, production, new product development and strategies of Mo–Dad.

Counter-plaintiff argues that "by virtue of their position and responsibilities," Tucker and Tittlebaum "should be subject to the doctrine of corporate opportunity." Counter-plaintiff reads *Hill* as standing for the proposition that the term "officer," in the context of the corporate opportunity doctrine, refers to "any employees whose duties place them in a position of substantial authority or responsibility within the corporation." Tucker and Tittlebaum held "key positions," the argument goes, "by virtue of which [they] owed fiduciary duties to Mo–Dad."

■ Counter-plaintiff construes *Hill* too broadly. While the court did appear to indicate that title alone is not dispositive of who is and who is not an "officer" within a

corporation, there is no indication at all that an employee with neither executive nor administrative authority could be fairly considered an "officer" for the purpose of the corporate opportunity doctrine. In fact, *Hill* introduced its discussion of the issue by stating that the defendant "occupied the position of general manager ... and was *not just a mere employee....* [He] had full authority to do what he felt was best for the business." *Hill*, 596 So.2d at 874 (emphasis added). This focus on the employee's managerial or executive authority is consistent with the approach taken by courts in other jurisdictions when determining whether a particular individual is an "officer" of a corporation.[3]

In the case *sub judice*, it is undisputed that Tucker and Tittlebaum did not hold the traditional "officer" positions of president, vice-president or the like while employed by Mo–Dad. In addition, there is no allegation in the counterclaim that they had such significant authority as to have "general charge, direction, and control" of the affairs of Mo–Dad or that they were entrusted with any degree of administrative or executive functions. Counter-plaintiff does not allege that Tucker and Tittlebaum had "general power" to exercise their "judgment and discretion in dealing with corporate matters." There is certainly no indication that they "had full authority to do what [they] felt was best for the business."

Based on the foregoing, the court concludes that counter-plaintiff has failed to plead any allegation which would support a claim under Mississippi law that Tucker or

---

**2.** The court further described a general manager as having " 'general charge, direction, and control of the affairs of the company for the carrying on of which it was incorporated.' " *Id.* (quoting 19 C.J.S. *Corporations* §§ 468–71 (1990)).

**3.** *See, e.g., Lewis v. LeBaron*, 254 Cal.App.2d 270, 61 Cal.Rptr. 903, 911 (1967)(defendant denied he was corporate officer, but court held he was, noting that "it appears that he executed a recorded deed for the corporation as its secretary," and that "[h]e was certainly [the corporation's] attorney"); *Colonial Capi-*

*tal Co. v. General Motors Corp.*, 29 F.R.D. 514, 517 (D.Conn.1961)(clerical employee responsible for handling scheduling and shipment of dealers' car orders and for supervision of fleet sales has "no general power to exercise his judgment and discretion in dealing with corporate matters" and thus is not an officer); *see also* 48 *Bus. Law.* 215, 216 (1992)("The term 'officer' is properly applicable only to those in whom administrative and executive functions have been entrusted and does not apply to those without judgment or discretion as to corporate matters.").

Tittlebaum were "officers" of Mo–Dad. *See Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir.1995)(dismissal is proper under Rule 12(b)(6) if the complaint lacks an allegation regarding a required element necessary to obtain relief). As a result, these counter-defendants are not subject to the doctrine of usurpation of corporate opportunities, and this aspect of the counter-claim is dismissed.[4]

4. The court is not suggesting that Tucker and Tittlebaum owed no fiduciary duties to Mo–Dad. However, while it is true that the Mississippi Supreme Court has used the broader term "corporate fiduciary" in discussing the doctrine of corporate opportunity, *see, e.g., Ellzey v. Fyr–Pruf, Inc.,* 376 So.2d 1328, 1332 (Miss.1979), counter-plaintiff has cited no Mississippi cases and the court is aware of none applying the doctrine to any person other than a director, officer or other comparable official with managerial and executive authority within the corporation. The court has certainly uncovered no case standing for the proposition that this doctrine applies to all corporate fiduciaries. *Cf. DSC Communications v. Next Level Communications,* 107 F.3d 322, 326 (5th Cir.1997)(applying Texas law).

In fact, the only case aside from *Hill* cited by counter-plaintiff in support of its position on this issue is *Derouen v. Murray,* 604 So.2d 1086 (Miss.1992). In that case, the court described the corporate opportunity doctrine as concerning the actions of "directors and senior executives" and held that the doctrine was fully applicable to one who was "president, director and fifty percent shareholder in [the corporation]." *Derouen,* 604 So.2d at 1092. *Derouen,* like *Hill,* is distinguishable from the facts as pled in this case, and there is nothing in that opinion inconsistent with the court's dismissal of counter-plaintiff's corporate opportunity claim.