863 So.2d 978 (2003)
Jon C. McCOY d/b/a McCoy Homes, Appellant,
v.
Phil GIBSON and Penny Gibson, Appellees.
No. 2001-CA-01700-COA.
Court of Appeals of Mississippi.
November 4, 2003.
Rehearing Denied January 20, 2004.
*979 Paul E. Rogers, Jackson, attorney for appellant.
Sheldon G. Alston, Jackson, attorney for appellee.
Before MCMILLIN, C.J., MYERS, and CHANDLER, JJ.
CHANDLER, J., for the Court.
¶ 1. This action involves a contract under which Jon C. McCoy d/b/a McCoy Homes (McCoy) was to construct a home for Phil and Penny Gibson (the Gibsons). Following a bench trial on August 10, 2001, the chancery court found that McCoy breached the contract and awarded the Gibsons $18,046.79 in damages. McCoy appeals asserting a single issue: whether the Gibsons proved by a preponderance of the evidence that they incurred $18,046.79 in damages from McCoy's breach of contract. Finding no error, we affirm.

*980 STATEMENT OF THE CASE
¶ 2. McCoy and the Gibsons entered into a contract under which McCoy would supervise construction of the home, and receive a flat fee of $18,500 upon completion of construction. Disagreement arose between the parties over McCoy's job performance. McCoy discontinued his duties, and the Gibsons withheld payment. On March 22, 2000, McCoy filed a statutory notice of construction lien for $18,500 with the chancery clerk of Rankin County. Subsequently, the Gibsons filed a complaint for breach of contract in the Rankin County Chancery Court. McCoy filed a counterclaim asserting that he had substantially complied with the contract, and that the Gibsons were liable for damages for, inter alia, repudiating the contract. McCoy then extinguished the construction lien prior to the trial. The chancery court found for the Gibsons and dismissed McCoy's counterclaim with prejudice.

DISCUSSION
¶ 3. The standard of review employed applicable to a chancery court's decision is abuse of discretion. McNeil v. Hester, 753 So.2d 1057(¶ 21) (Miss.2000). A chancery court's findings of fact will not be disturbed upon review unless the chancery court was manifestly wrong, clearly erroneous or applied an incorrect legal standard. Miller v. Pannell, 815 So.2d 1117 (¶ 9) (Miss.2002).
¶ 4. In this case, there is no question that an enforceable contract existed. However, McCoy contends that the chancery court erred in finding both that he had breached the contract by performing substandard work, and that the Gibsons had suffered $18,046.79 in damages.

I. BREACH
¶ 5. Material breach is "a failure to perform a substantial part of the contract or one or more of its essential terms or conditions, or if there is such a breach as substantially defeats its purpose." Gulf South Capital Corp. v. Brown, 183 So.2d 802, 805 (Miss.1966). The plaintiff bears a burden of proof by a preponderance of the evidence in an issue of material breach. Harrison v. McMillan, 828 So.2d 756(¶ 34) (Miss.2003).
¶ 6. Bill Brandon, a building official from Rankin County, was certified as an expert in home construction. Brandon inspected the home and testified to "substandard" construction. On appeal, McCoy contends that Brandon's inspection was a "premature inspection," and that had McCoy been allowed to complete performance under the contract, the construction would not have been substandard. The record shows that Brandon addressed that matter at trial in the following manner:
[A]ll the items [defects listed in a report] are significant. The context to me what scaredthere was a lot of things worrying me; the framing was worrying me; the structural integrity was worrying me. The attic had to be totally reframed or rebraced. The cornice, the outside cornice work had to be reworkedall of that worried me, and all of it concerned me.... An electrical box at the entrance, understanding that I'm getting there early, I was just trying to add contextI'm sorry. All of this worried me, and I understand where you're going as well. It's earlyit was an early inspection. Now where do we draw the line? I would draw the line on all the structural items that are mentioned on this listthe foundation work, the framing work, the bracing work. The cornice work is not a structural item, but I could see that it was going to take a bit of time to go back and work-it was just simply waving, okay? *981 Additionally, the evidence included approximately twenty-five photographs of structural work asserted to be defective.
¶ 7. There is no argument advanced by the appellant that the chancery court applied the incorrect law or legal standard. The finding that McCoy breached his duty to perform the construction in a "workmanlike" manner is well supported by the evidence. Therefore, there are no grounds to disturb the chancery court's decision. This issue is without merit.

II. DAMAGES
¶ 8. An award of damages may not be based upon speculation, but must be proven by a preponderance of evidence. Courtney v. Glenn, 782 So.2d 162 (¶ 16) (Miss.Ct.App.2001). In this case, McCoy contends that the award was based upon "conjecture." However, the record shows that the chancery court heard the testimony of Phil Gibson. Mr. Gibson testified to the photographs tending to show substandard construction. Mr. Gibson additionally testified to a "registry" or summary of expenses he had paid for various materials and services. This summary was thirteen pages in length and each page listed by date, amount and vender approximately fifteen payments. The chancery court's findings of fact show that the chancellor did not award damages for costs incurred by the Gibson's after June 12, 2001, which was the date Brandon testified he found the home to pass inspection. The record shows that the chancellor only awarded damages for what he found to be substandard work that was in breach of the contract. There is no suggestion that the chancery court failed to apply the correct law. The record contains substantial evidence showing the calculation of damages was not speculative, but based upon testamentary and documentary evidence. There are no grounds to disturb the chancery court's decision. This issue is without merit.
¶ 9. THE JUDGMENT OF THE RANKIN COUNTY CHANCERY COURT IS AFFIRMED. STATUTORY DAMAGES AND INTEREST ARE AWARDED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, AND MYERS, JJ., CONCUR. GRIFFIS, J., NOT PARTICIPATING.