IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 7, 2008

Charles R. Fulbruge III
Clerk

No. 07-60892

DAVID D TURNER, By and Through Natural Mother and Next Friend, Joyce
Turner; QUANELLIA TURNER, By and Through Natural Mother and Next
Friend, Joyce Turner; IZEAR FARMER, JR, By and Through Natural Mother
and Next Friend, Joyce Turner; JOYCE TURNER, Individually;
IZEAR FARMER, Individually

                                        Plaintiffs - Appellees

v.

NORTH PANOLA SCHOOL DISTRICT

                                        Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:06-CV-98

Before REAVLEY, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

The plaintiffs sued the North Panola School District because a school bus
driver repeatedly and arbitrarily suspended the three minor children from riding
the bus only because the children allegedly had a bad odor. The magistrate
judge found for two of the minor children, David and Quanellia, in a bench trial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

and awarded damages under the Mississippi Tort Claims Act. The school district appeals. We affirm for the reasons assigned in the magistrate judge's able opinion. The magistrate judge believed the testimony at trial that the bus driver trapped David's hand in the school bus door while driving off, that Quanellia was sprayed directly with deodorizer, and that the bus driver arbitrarily suspended the children from bus privileges. Because the evidence supports the court's finding that the bus driver acted preemptively and offensively rather than to control or discipline the children, the court applied the correct negligence standard. See Pigford v. Jackson Pub. Sch. Dist., 910 So. 2d 575, 579 (Miss. Ct. App. 2005). The evidence also supported the finding that the children suffered some damage, and we decline to disturb the court's award. See Purina Mills, Inc. v. Moak, 575 So. 2d 993, 998 (Miss. 1990); Merritt v. Dueitt, 455 So. 2d 792, 793 (Miss. 1984). The judgment is not against the overwhelming weight of the evidence.

AFFIRMED.