CARLTON, J.,
Concurring in Part, Dissenting in Part:
¶ 60. I would affirm the decision of the chancellor regarding the life insurance policy and Winnie Gilder’s failure to prove fraud on the part of Robert Cooper (Robin), Donald Dunaway (Don), and Connie Burford. Therefore, I concur with the majority on that issue. However, I must respectfully dissent from the majority’s holding that the chancellor correctly applied the law regarding the constructive trust and breach of a fiduciary relationship. Therefore, I concur in part and dissent in part.
¶ 61. The corporate-opportunity doctrine applies to the business torts alleged in this case. The corporate-opportunity doctrine prohibits officers, directors, and other governing members of a corporation, who stand in a fiduciary relationship to the corporation, from securing for themselves opportunities that should belong to the corporation.[7] Hill v. Se. Floor Covering Co., 596 So.2d 874, 877 (Miss.1992) (citing 19 C.J.S. Corporations § 513 (1990)). The Mississippi Supreme Court has defined the corporate-opportunity doctrine as follows:
The doctrine of corporate opportunity prohibits directors or officers from appropriating to themselves business opportunities which in fairness should belong to the corporation. If there is presented to a corporate director or officer a business opportunity which the corporation is financially able to undertake, is, from its nature, in the line of the corporation’s business and is of practical advantage to it, is one in which the corporation has an interest or a reasonable expectancy, and if embracing the opportunity will bring the self-interest of the director or officer into conflict with that of the corporation, the *279 director or officer may not seize the opportunity for himself.

Id.

¶ 62. I find the chancellor erred in her application of the corporate-opportunity doctrine to the facts of this case. The record does not reflect that the defendants were officers or directors of the corporation. Because the at-will employees at issue, based on the evidence in the record, failed to constitute officers or directors, the corporate-opportunity doctrine does not prevent them from taking advantage of a corporate opportunity that might have been advantageous to the company. See Delta Environmental Products, Inc. v. McGrew, 56 F.Supp.2d 716, 719 n. 4 (S.D.Miss.1999); see also 3 Jeffrey Jackson & Mary Miller, Encyclopedia of Mississippi Law § 22:174 (2001). Therefore, I find that the chancellor erred in imposing a constructive trust.
¶ 63. The only evidence in the record to support a finding of a fiduciary relationship pertains to Connie, who managed the corporation’s office. Connie testified regarding her meeting with Winnie’s brother, William Roncali, whom Winnie had recently named vice-president of Cooper Gilder, Inc., “When I went into the meeting, I was employed and I was an officer of the company. When I came out of the meeting, I had been fired.” However, even if Connie stood in the position of an officer or director of the corporation, the record lacks any proof that Connie engaged in any self-dealing, fraud, including fraudulent concealment, or that she appropriated a business opportunity that belonged to the corporation while employed by Cooper Gilder. The record reflects that Connie’s employment with Cooper Gilder was terminated and that she collected unemployment benefits. Then, she eventually went to work for Robin and Don in their new business. Further, the record reflects that Connie works merely as an employee of Warfield Point Associates, Inc., not as shareholder.
¶ 64. Robin’s business dealings seem to be at the crux of this dispute. Robin obtained permission from Entergy to use its land to access Island 84, an island that he already owned.[8] No evidence in the record reflects that Robin held the position of an officer or director of Cooper Gilder. On the contrary, he was considered and treated as an at-will employee. Since he was not an officer or director of Cooper Gilder, the corporate-opportunity doctrine did not prohibit him, as a mere “at-will” employee, or any other third party, from obtaining the lease agreement rights from Entergy to access his island. Furthermore, the record contains no evidence sufficient to rise to the level of clear and convincing to show any affirmative act of fraud on behalf of Robin, an at-will employee. See Morgan v. Green-Save, Inc., 2006-CA-01174-COA, 2 So.3d 648 (¶ 12) (Miss. Ct.App. April 22, 2008), cert. denied, 2006-CT-01174-SCT, 999 So.2d 1280 (Miss. Feb. 26, 2009) (holding that an affirmative act of concealment is required to prove fraud where the parties involved do not stand in a confidential relationship).
¶ 65. Since no evidence was presented to show Connie, as an officer, participated in Robin’s negotiations to obtain the easement to access Island 84, I would reverse and render in favor of the appellants for failure to show a fiduciary relationship and for failure to meet the burden of proof for a constructive trust. See Morgan, 2006- *280 CA-01174-COA at (¶ 15) (“The party seeking to establish the existence of a fiduciary relationship bears the burden of proving such a relationship by clear and convincing evidence”). Without a fiduciary relationship, contractual requirements, or an affirmative act of fraud, proven by clear and convincing evidence, the employees of Cooper Gilder had no duty to refrain from utilizing business opportunities that presented themselves.
¶ 66. Further, I must comment on the speculative nature of the damage award and causation. I respectfully submit that the chancellor failed to consider critical factors as to the proximate cause of the lost profits by Cooper Gilder. “[W]hen the cause of the damages is reasonably certain, recovery is not to be denied.... [I]t is enough that sufficient facts are given from which the jury may safely make at least a minimum estimate.” Parker Tractor & Implement Co. v. Johnson, 819 So.2d 1234, 1289(¶ 23) (Miss.2002) (quoting Hawkins Hardware Co. v. Crews, 176 Miss. 434, 441, 169 So. 767, 769 (1936)). Thus, damages are speculative when the cause of the damages is uncertain. Id. at (¶ 24) (citing Adams v. U.S. Homecrafters, Inc., 744 So.2d 736, 740(¶ 13) (Miss.1999)).
¶ 67. In the case at bar, the cause of the corporation’s lost profits appears, at best, uncertain. In determining damages, the chancellor failed to consider that the corporation possessed no right to renew the lease to obtain access to Island 84, except as against a fiduciary such as an officer or director. Cooper Gilder claimed no such rights as to other parties or in contract with Entergy.
¶ 68. The chancellor also failed to consider that Cooper Gilder had no right to the continued employment of the Cooper Gilder employees at issue, as they were “at-will” employees. The record shows that the employees quit or were fired upon being presented with a non-compete agreement which they refused to sign. Then they drew unemployment benefits before starting a new business. When these experienced “at will” employees quit, the company likely lost its prospects for future income or potential for continued future income at that time. In determining damages, the chancellor did not consider the massive loss of a valuable asset — these skilled workers who were under no legal or moral obligation or contract to continue in the employment of Cooper Gilder. Hence, I further find that the damages rendered to be speculative in nature and would have remanded the issue of damages to the chancellor even if I had found a violation of a fiduciary duty or an affirmative act of fraud rising to the level to satisfy the burden of proof.
¶ 69. This Court must defer to a chancellor’s findings unless they are manifestly wrong, are unsupported by the evidence in the record, or result from a misapplication of the law. Keener Props., L.L.C. v. Wilson, 912 So.2d 954, 956(¶ 3) (Miss.2005). I find no evidence in the record to support the chancellor’s findings on the issue of the corporate-opportunity doctrine, fraud, or the issue of damages. I respectfully submit that Winnie failed to meet her burden of proof to show by clear and convincing evidence the existence of a constructive trust, fraud, or the causation of damages. For the above reasons, I must respectfully dissent on the issues of constructive trust, fraud, and the chancellor’s determination of damages.
GRIFFIS, BARNES, ROBERTS AND MAXWELL, JJ., JOIN THIS OPINION.

. Regarding Robin acting adversely to his employer as an at-will employee, Winnie did not plead a claim of breach of loyalty as to his contact with potential customers.

. Cooper Gilder still possessed the lease easement rights with Entergy at the time of trial. The chancellor found that Robin’s failure to obtain the lease irrelevant to the claim of breach of duty. I agree. However, I find that this evidence was relevant regarding any award of damages.